# UNITED STATES DISTRICT COURT
for the
Northern District of California

Stephen R. Enos; Gary Richards
*Plaintiff*
v.
Insomniac Holdings, LLC
*Defendant*

Civil Action No. CV 16 80 022 MISC MEJ

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Wilson Sonsini Goodrich & Rosati

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Kilpatrick Townsend & Stockton LLP<br>1080 Marsh Road<br>Menlo Park, CA 94025 | Date and Time:<br>02/12/2016 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: February 1, 2016

CLERK OF COURT
Susan Y. Soong

[signature]
*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Insomniac Holdings, LLC, who issues or requests this subpoena, are:

Larry McFarland; 9720 Wilshire Blvd, PH, Beverly Hills, CA 90212; lmcfarland@kilpatricktownsend.com; 310-248-3830

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________
______________________________________________________________
______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**"Attachment A" to Subpoena to Wilson Sonsini Goodrich & Rosati**

**Definitions**

1. "and" and "or" mean either the conjunctive or the disjunctive as context may require so that the meaning of the term is inclusive rather than exclusive.

2. "any" means "any and all."

3. "ADVERTISE" and "ADVERTISEMENT" mean and refer to any publication, catalogue, magazine, newspaper, brochure, flyer, mass mailing, press release, press COMMUNICATION, publicity material, promotional material, prospectus, book, print medium, electronic medium (including, but not limited to, web pages, ftp sites, e-mails, and computerized bulletin board services), billboard, painting, mural, radio broadcast, or television broadcast of any kind, and any DOCUMENT or thing used to promote, advertise, market, download, upload, distribute, offer for sale or sell the subject matter of the request.

4. "DOCUMENT" has the same meaning as in the Federal Rules of Civil Procedure and includes the original and any non-identical copy, regardless of origin or location, of any written, typewritten, drawn, charted, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, now or formerly in YOUR possession, custody or control, including, but not limited to, any drawings, photographs, books, pamphlets, flyers, periodicals, letters, correspondence, telegrams, invoices, contracts, purchase orders, estimates, reports, memoranda, intra-office COMMUNICATIONS, computer databases, data sheets, data processing cards, tapes, disc recordings, electronic mail, computer files, computer notes, computer images, diskettes, work papers, work sheets, work records, literature, reports, notes, drafts, diaries, messages, ledgers, publications, ADVERTISEMENTS, brochures, price lists, cost sheets, estimating sheets, bills, bids, time cards, receipts, contracts, telephone records, and any other records, writings, or computer input or output, working paper, record, study, paper, chart, graph, index, and any transcriptions thereof, and all other memorializations of any conversations, meetings, and conferences, by telephone or otherwise. The term DOCUMENT also means every copy of a DOCUMENT where such copy is not identical duplicate of the original, whether

because of deletions, underlinings, showing of blind copies, initialing, signatures, receipt stamps, comments, notations, differences in stationery or any other difference or modification of any kind.

5. "PERSON" or "PERSONS" means any or all entities, including, but not limited to, any or all individuals, single proprietorships, associations, companies, firms, partnerships, joint ventures, corporations, employees or former employees, or any other business, governmental, or labor entity, and any divisions, departments, or other units thereof.

6. "RELATE TO", "RELATES TO" and "RELATING TO" mean in any way directly or indirectly, concerning, referring to, pertaining to, mentioning, discussing, describing, disclosing, confirming, supporting, evidencing, representing, or being connected with a stated subject matter or any aspect thereof.

7. "YOU" and "YOUR" mean Wilson Sonsini Goodrich & Rosati, including without limitation Wilson Sonsini Goodrich & Rosati's attorneys, employees, agents, representatives, present and former partners, subsidiaries and any PERSON acting at the direction or under the control of Wilson Sonsini Goodrich & Rosati.

**Directions**

1. In response to this subpoena YOU shall produce all DOCUMENTS and information within YOUR possession, custody or control including, but not limited to, DOCUMENTS and information in the possession, custody or control of any of YOUR employees, attorneys or other agents or representatives.

2. DOCUMENTS shall be produced as they are kept in the ordinary course of business. Electronically Stored Information shall be produced in a reasonably usable form.

3. The specific or duplicative or overlapping nature of any of the DOCUMENT descriptions set forth below shall not be construed to limit the generality or breadth of any other DOCUMENT description contained in this or any other subpoena that may be served on YOU.

4. If YOU do not produce an otherwise-responsive DOCUMENT based on a claim of privilege, YOU shall supply a privilege log, indicating for each withheld DOCUMENT:

a. the identity of each DOCUMENT's author, writer, sender, or initiator;

b. the identity of each DOCUMENT's recipient, addressee, or person for whom it was intended;

c. the date of creation or transmittal indicated on each DOCUMENT or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

d. its present location and the identity of its current custodian;

e. a listing of all persons, including but not limited to addressees, to whom either copies of or information set forth in the DOCUMENT have been disclosed, including the date and means of such disclosure;

f. the general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

g. the nature of the privilege or other rule of law relied upon to withhold the DOCUMENT and the facts supporting YOUR assertion thereof.

5. If any DOCUMENTS requested to be produced herein have been lost, discarded, destroyed, or are not available for production by YOU for any reason whatsoever, identify them as completely as possible, by stating without limitation: the information requested by paragraphs (4)(a)-(g) above, the date of disposal, the manner of disposal, the reason for disposal, any person, firm, or corporation who has possession, custody, or control of a partial or complete copy of such DOCUMENT, and the identity of all persons who participated in the destruction or discarding or who have knowledge of the date and circumstances surrounding the destruction of the DOCUMENT.

**DOCUMENTS To Be Produced**

1. All contracts, including all drafts and partially or fully executed contracts, that refer to "Electric Daisy Carnival" or "EDC". The time frame for this request is January 1, 1999 to the present. This request excludes any DOCUMENTS protected by the attorney-client privilege or the attorney work product doctrine.

2. All correspondence that refers or RELATES TO any goods or services offered using the term "Electric Daisy Carnival" or "EDC". The time frame for this request is January 1, 1999 to the present. This request includes correspondence referring or RELATING TO any contract that is responsive to Request No. 1 above. This request excludes any DOCUMENTS protected by the attorney-client privilege or the attorney work product doctrine.